Trinitee G. Green (SBN 24081320)
Polsinelli PC
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
tggreen@polsinelli.com

Jeremy R. Johnson (*Pro Hac Vice* Pending)
Brenna A. Dolphin (*Pro Hac Vice* Pending)
Polsinelli PC
600 3rd Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
jeremy.johnson@polsinelli.com
bdolphin@polsinelli.com

PROPOSED COUNSEL TO THE DEBTORS
AND DEBTORS IN POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>NORTHWEST SENIOR HOUSING CORPORATION,<br><br>　　　　　　Debtor.<br><br>Tax I.D. No. 75-2771278 | Chapter 11<br><br>Case No. 22-30659 (MVL) |
| In re:<br><br>SENIOR QUALITY LIFESTYLES CORPORATION,<br><br>　　　　　　Debtor.<br><br>Tax I.D. No. 36-4502669 | Chapter 11<br><br>Case No. 22-30660 (MVL) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 1015(b) AND LOCAL RULE 1015-1 (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "**Debtors**") hereby move (the

"**Motion**"), for entry of an order (the "**Proposed Order**"), substantially in the form attached hereto

1

82389208.6

as Exhibit A, pursuant to Section 105(a) and 342 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "**Local Rules**"), (i) directing the joint administration of these chapter 11 cases for procedural purposes only and (ii) granting related relief. A summary of the facts and circumstances supporting this Motion are set forth in the *Declaration of Nick Harshfield in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**"), filed concurrently herewith.[1] In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over these cases pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent to the entry of a final order or judgment by the Court in connection with the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and other predicates for the relief requested herein are Bankruptcy Code Section 105(a) and 342, Bankruptcy Rules 1015 and 6003, and Local Rule 1015-1.

## BACKGROUND

4. On the date hereof (the "**Petition Date**"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas (the "**Court**").

---

[1] Capitalized terms used but not defined in this Motion shall have the meanings given to them in the First Day Declaration.

2

5. The Debtors continue to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

6. No trustee, examiner, or official committee of unsecured creditors has been appointed.

7. The factual background regarding the Debtors and the events leading to the filing of the above-referenced chapter 11 cases (the "**Chapter 11 Cases**") is set forth in the First Day Declaration, which is incorporated herein by reference.

## RELIEF REQUESTED

8. By the Motion, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as Exhibit A, directing joint administration of these Chapter 11 Cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

9. Specifically, the Debtors respectfully request that the Court maintain one file and one docket for both of the jointly administered chapter 11 cases under the case of Northwest Senior Housing Corporation and that these Chapter 11 Cases be administered under a consolidated caption as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| In re: | Chapter 11 |
|---|---|
| Northwest Senior Housing Corporation, *et al.*,[1] | Case No. 22-30659 (MVL) |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Northwest Senior Housing Corporation (1278) and Senior Quality Lifestyles Corporation (2669). The Debtors' mailing address is 8523 Thackery Street, Dallas, Texas 75225.

3

82389208.6

10. The Debtors also respectfully request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Northwest Senior Housing Corporation, to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas directing the procedural consolidation and joint administration of the Chapter 11 Cases of: Northwest Senior Housing Corporation and Senior Quality Lifestyles Corporation. The docket of Northwest Senior Housing Corporation, Case No. 22-30659, should be consulted for all matters affecting these Chapter 11 Cases.

11. The Debtors further respectfully request that the Court order the foregoing caption satisfies the requirements set forth under Bankruptcy Code Section 342(c)(1).

12. The Debtors further seek authority to file the monthly operating reports as required by the U.S. Trustee Operating Guidelines on a consolidated basis; *provided, however,* those disbursements will be listed on a debtor-by-debtor basis.

13. Finally, the Debtors request that the Court permit the use of a combined service list and combined notices in these Chapter 11 Cases.

**BASIS FOR RELIEF**

14. Bankruptcy Rule 1015(b) provides that "if two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined in Bankruptcy Code Section 101(2). *See* 11 U.S.C. § 101(2). Local Rule 1015-1 provides for the joint administration of related chapter 11 cases. *See* L.B.R. 1015-1. Accordingly, the Bankruptcy Code, Bankruptcy Rules, and Local Rules empower the Court to grant the relief requested in this Motion.

15. Joint administration will promote efficiency and will ease the administrative burden on the Court and all parties in interest. Because the Debtors' financial affairs and business operations are closely related, many of the motions, hearings, and orders in the bankruptcy proceedings will affect both of the Debtors. Joint administration will significantly reduce the volume of documents that otherwise would be filed with the Clerk of Court because it will avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications, and orders. Joint administration will therefore render the completion of various administrative tasks less costly and will minimize the number of unnecessary delays. The relief requested by this Motion will also simplify supervision of the administrative aspects of these cases by the Office of the United States Trustee for the Northern District of Texas (the "**U.S. Trustee**").

16. Further, joint administration of the Chapter 11 Cases will not prejudice or adversely impact the rights of the Debtors' creditors because the relief sought herein is purely procedural and is not intended to affect substantive rights. Each creditor may still file a claim against individual estates, as applicable. Moreover, all creditors will benefit from the reduced costs that will result from the joint administration of the Chapter 11 Cases.

17. For these reasons, the Debtors respectfully submit that the relief requested herein is in the best interest of the estates and will reduce administrative burdens on the Court and all parties in interest, and, therefore, should be granted.

## NOTICE

18. Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) the holders of the thirty (30) largest unsecured claims against the Debtors on an aggregate basis; (c) UMB Bank, N.A., as Trustee and counsel thereto; (d) Lifespace Communities, Inc. and counsel thereto; (e) the United States Attorney's Office for the Northern District of Texas; (f) the Internal Revenue Service; (g) the United States Department of Justice; (h) the Texas State Attorney General; (i) the

United States Securities and Exchange Commission; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and any further relief the Court may deem just and proper.

| | |
|---|---|
| Dated: April 14, 2022<br>Dallas, Texas | **POLSINELLI PC**<br><br>/s/ *Trinitee G. Green*<br>Trinitee G. Green (SBN 24081320)<br>2950 N. Harwood, Suite 2100<br>Dallas, Texas 75201<br>Telephone: (214) 397-0030<br>Facsimile: (214) 397-0033<br>tggreen@polsinelli.com<br><br>– and –<br><br>Jeremy R. Johnson (*Pro Hac Vice* Pending)<br>Brenna A. Dolphin (*Pro Hac Vice* Pending)<br>600 3rd Avenue, 42nd Floor<br>New York, New York 10016<br>Telephone: (212) 684-0199<br>Facsimile: (212) 684-0197<br>jeremy.johnson@polsinelli.com<br>bdolphin@polsinelli.com<br><br>PROPOSED COUNSEL TO THE DEBTORS<br>AND DEBTORS IN POSSESSION |

# **EXHIBIT A**

**Proposed Order**

82389208.6

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>NORTHWEST SENIOR HOUSING CORPORATION,<br><br>         Debtor.<br><br>Tax I.D. No. 75-2771278 | Chapter 11<br><br>Case No. 22-30659 (MVL) |
| In re:<br><br>SENIOR QUALITY LIFESTYLES CORPORATION,<br><br>         Debtor.<br><br>Tax I.D. No. 36-4502669 | Chapter 11<br><br>Case No. 22-30660 (MVL) |

**ORDER PURSUANT TO BANKRUPTCY RULE 1015(b) AND
LOCAL RULE 1015-1 (I) DIRECTING JOINT ADMINISTRATION
<u>OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF</u>**

1

Upon the motion (the "**Motion**")[1] of the debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Debtors**") for entry of an order (this "**Order**"), pursuant to Bankruptcy Code Sections 105 and 342, Bankruptcy Rule 1015 and Local Rule 1015-1, (i) directing the joint administration of the Chapter 11 Cases for procedural purposes only and (ii) granting related relief; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and the opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT the above-referenced cases are jointly administered under Case No. 22-30659. Additionally, the following items are ordered:

| | |
|---|---|
| __X__ | One disclosure statement and plan of reorganization may be filed for the jointly administered cases by any plan proponent. |
| __X__ | Case No. 22-30660 shall be transferred to Judge Michelle V. Larson, who has the lowest-numbered case. |
| __X__ | Parties may request joint hearings on matters pending in any of the jointly administered cases. |

---

[1] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

  __X__    Other: See below.

  1.  Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the Chapter 11 Cases, the Debtors, or the Debtors' estates.

  2.  All pleadings in the Chapter 11 Cases shall bear a consolidated caption as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Northwest Senior Housing Corporation, *et al.*,[1] | Case No. 22-30659 (MVL) |
| Debtors. | (Jointly Administered) |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Northwest Senior Housing Corporation (1278) and Senior Quality Lifestyles Corporation (2669). The Debtors' mailing address is 8523 Thackery Street, Dallas, Texas 75225.

  3.  The foregoing caption satisfies the requirements of Bankruptcy Code Section 342(c)(1).

  4.  A docket entry shall be made in each of the above-captioned chapter 11 cases (except the chapter 11 case of Northwest Senior Housing Corporation) substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas directing the procedural consolidation and joint administration of the chapter 11 cases of: Northwest Senior Housing Corporation and Senior Quality Lifestyles Corporation. The docket of Northwest Senior Housing Corporation, Case No. 22-30659, should be consulted for all matters affecting this case.

4

5. The Clerk of Court shall maintain one file and one docket for the Debtors' jointly administered chapter 11 cases, which file and docket shall be the file and docket for the chapter 11 case of Northwest Senior Housing Corporation, Case No. 22-30659 (MVL).

6. The Debtors are authorized to file monthly operating reports on a consolidated basis, but the Debtors shall track and break out income and disbursements on a debtor-by-debtor basis.

7. The requirements of Bankruptcy Code Section 342(c)(1) and Bankruptcy Rule 2002(n) are hereby satisfied.

8. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. Notice of the Motion shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are waived by such notice.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # # End of Order # # #

Submitted by:

Trinitee G. Green (SBN 24081320)
Polsinelli PC
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
tggreen@polsinelli.com

and

Jeremy R. Johnson (*Pro Hac Vice* Pending)
Brenna A. Dolphin (*Pro Hac Vice* Pending)
Polsinelli PC
600 3rd Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
jeremy.johnson@polsinelli.com
bdolphin@polsinelli.com

*Proposed Counsel to Debtors and
Debtors-in-Possession*